IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LARRY JOHNSON**, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>**THOMAS BRENNEKE**; **GARRETT LAMAR MILES**; **GUARDIAN MANAGEMENT, LLC**; **GUARDIAN REAL ESTATE SERVICES**; **UPTOWN TOWER APARTMENTS**; **LISA SIMONSON**; **KELLY PAINE**; and **SUNSHINE SALES**, <br><br>　　　　　Defendants. | Case No. 3:21-cv-00582-JR (Lead Case)[1] <br><br>Case No. 3:21-cv-00685-JR <br>Case No. 3:21-cv-00871-JR <br>(Trailing Cases) <br><br>**ORDER** |

**IMMERGUT, District Judge.**

　　Pro se Plaintiff Larry Johnson filed this Fair Housing Act ("FHA") action against Defendants Thomas Brenneke; Lisa Simonson; Kelly Paine; Guardian Management, LLC; Guardian Real Estate Services; and Uptown Tower Apartments (collectively "Guardian

---

[1] All citations are to documents in the lead case unless otherwise noted.

PAGE 1 – ORDER

Defendants"), as well as Garrett Lamar Miles and Sunshine Sales.[2] On June 25, 2021, Plaintiff filed a Motion for Partial Summary Against All Defendants. ECF 35. On July 16, 2021, Guardian Defendants filed a Cross Motion for Summary Judgment. ECF 50. On July 20, 2021, Guardian Defendants filed a Motion for Vexatious Litigant Order. ECF 53.

On February 23, 2022, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"). ECF 77. The F&R recommends that this Court deny Plaintiff's Partial Motion for Summary Judgment, ECF 35; grant Guardian Defendants' Cross Motion for Summary Judgment, ECF 50; and deny Guardian Defendants' request for a prefiling order, ECF 53. On March 7, 2022, Plaintiff filed ten separate "Motions for Relief" in response to the F&R. ECF 81–90. On March 14, 2022, Plaintiff also filed Objections to the F&R. ECF 96. On March 16, 2022, Guardian Defendants filed their Response to Plaintiff's Motions for Relief. ECF 97. On March 28, 2022, Guardian Defendants filed their Response to Plaintiff's Objections. ECF 98. For the following reasons, this Court ADOPTS Judge Russo's F&R in full.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v.*

---

[2] Kenneth De Groot and Lisa Rudhe are also listed as individual defendants in Case No. 3:21-00685-JR. Defendants De Groot, Rudhe, Miles, and Sales have not moved for summary judgment.

PAGE 2 – ORDER

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R, ECF 77, to which Plaintiff objected and accepts Judge Russo's conclusions.[3] The F&R is adopted in full. This Court DENIES Plaintiff's Partial Motion for Summary Judgment, ECF 35; GRANTS Guardian Defendants' Cross Motion for Summary Judgment, ECF 50; and DENIES Guardian Defendants' request for a prefiling order, ECF 53. The Guardian Defendants are hereby dismissed from this action.

**IT IS SO ORDERED**.

DATED this 31st day of March, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[3] This Court construes the Motions for Relief filed by Plaintiff, ECF 81–90, as objections to the F&R.

PAGE 3 – ORDER