IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LARRY JOHNSON**,<br><br>        Plaintiff,<br><br>    v.<br><br>**THOMAS BRENNEKE**; **GARRETT LAMAR MILES**; **GUARDIAN MANAGEMENT, LLC**; **GUARDIAN REAL ESTATE SERVICES**; **UPTOWN TOWER APARTMENTS**; **LISA SIMONSON**; **KELLY PAINE**; and **SUNSHINE SALES**,<br><br>        Defendants. | Case No. 3:21-cv-00582-JR<br>(Lead Case)[1]<br><br>Case No. 3:21-cv-00685-JR<br>Case No. 3:21-cv-00871-JR<br>(Trailing Cases)<br><br>**ORDER** |

**IMMERGUT, District Judge.**

    Pro se Plaintiff Larry Johnson filed this Fair Housing Act ("FHA") action against Defendants Thomas Brenneke; Lisa Simonson; Kelly Paine; Guardian Management, LLC; Guardian Real Estate Services; and Uptown Tower Apartments (collectively "Guardian

---

[1] All citations are to documents in the lead case unless otherwise noted.

PAGE 1 – ORDER

Defendants"), as well as Garrett Lamar Miles and Sunshine Sales.[2] On June 25, 2021, Plaintiff filed a Motion for Partial Summary Judgment against all Defendants. ECF 35. On July 16, 2021, Guardian Defendants filed a Cross Motion for Summary Judgment. ECF 50. On July 20, 2021, Guardian Defendants filed a Motion for Vexatious Litigant Order. ECF 53.

On February 23, 2022, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") as to the above-listed motions. ECF 77. On March 31, 2022, this Court adopted the F&R in full and denied Plaintiff's Partial Motion for Summary Judgment, ECF 35; granted Guardian Defendants' Cross Motion for Summary Judgment, ECF 50; and denied Guardian Defendants' request for a prefiling order, ECF 53. ECF 99.

On March 7, 2022, Plaintiff filed a Motion to Amend Complaint, ECF 91, a Motion for Partial Summary Judgment, ECF 92, and multiple Motions for Relief, ECF 81, 82, 83, 84, 85, 86, 87, 88, 89, 90. On May 12, 2022, Judge Russo issued an F&R denying these various motions, ECF 111, which this Court adopted in full on June 21, 2022. ECF 114.

This Court now considers Judge Russo's July 11, 2022 F&R, ECF 115, which recommends that this Court grant the Guardian Defendants' Motion for Entry of Judgment, ECF 109. The F&R also ordered Plaintiff to show cause why a judgment dismissing the entire action should not entered. *Id.*

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de

---

[2] Kenneth De Groot and Lisa Rudhe are also listed as individual defendants in Case No. 3:21-00685-JR.

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## CONCLUSION

No party having filed objections, this Court has reviewed the F&R and accepts Judge Russo's conclusions. The F&R, ECF 115, is adopted in full. Further, Plaintiff has failed to show cause why a judgment dismissing this action should not be entered. *See* Fed. R. Civ. P. 41(b). Accordingly, this Court DISMISSES the action in its entirety with prejudice.

**IT IS SO ORDERED**.

DATED this 5th day of August, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER