IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LARRY JOHNSON, | No. 3:21-cv-00582-JR |
| | (Lead Case) |
| Plaintiff, | |
| v. | |
| THOMAS BRENNEKE; GARRETT LAMAR MILES; GUARDIAN MANAGEMENT, LLC; GUARDIAN REAL ESTATE SERVICES; UPTOWN TOWER APARTMENTS; LISA SIMONSON; KELLY PAINE; SUNSHINE SALES, | FINDINGS AND RECOMMENDATION |
| Defendants. | |
| LARRY D. JOHNSON, | No. 3:21-cv-00685-JR |
| | (Trailing Case)[1] |
| Plaintiff, | |
| v. | |
| THOMAS BRENNEKE; KENNETH DE GROOT; GUARDIAN MANAGEMENT, LLC; GUARDIAN REAL ESTATE SERVICES; UPTOWN TOWER APARTMENTS; LISA SIMONSON; KELLY PAINE; LISA RUDHE, | |
| Defendants. | |
| LARRY JOHNSON, | No. 3:21-cv-00871-JR |
| | (Trailing Case)[1] |
| Plaintiff, | |
| v. | |
| THOMAS BARRY BRENNEKE, JR.; GUARDIAN REAL ESTATE SERVICES; GUARDIAN MANAGEMENT, UPTOWN TOWER APARTMENTS; KELLY PAINE; | |

---

[1] All citations are to documents in the lead case unless otherwise noted.

Page 1 – FINDINGS AND RECOMMENDATION

LISA SIMONSON,

        Defendants.

_____

RUSSO, Magistrate Judge:

        Pro se plaintiff Larry Johnson filed this Fair Housing Act ("FHA") action against defendants Thomas Brenneke, Lisa Simonson, Kelly Paine, Guardian Management, LLC, Guardian Real Estate Services, and Uptown Tower Apartments (collectively "Guardian defendants"), as well as Garrett Lamar Miles and Sunshine Sales.

        On February 23, 2022, this Court recommended plaintiff's partial motion for summary judgment be denied and the Guardian defendants' motion for summary judgment granted. (ECF 77) Plaintiff filed objections and on March 31, 2022, District Judge Karin J. Immergut adopted the recommendation and dismissed the Guardian defendants. ECF 99.

        On May 12, 2022, this Court recommended plaintiff's motions for partial summary judgment and to amend be denied. ECF 111. No objections were filed, and Judge Immergut adopted the recommendation on June 21, 2022. ECF 114.

        On July 11, 2022, this Court recommended granting the Guardian defendants' motion for entry of judgment as to all claims against them and ordered plaintiff to show cause why a judgment dismissing all claims against all defendants should not be entered. ECF 115. No party filed any objections and on August 5, 2022, Judge Immergut adopted the recommendation and having found plaintiff failed to show cause why the action should not be dismissed, dismissed the action in its entirety with prejudice. ECF 117.

        Judgment entered on August 5, 2022, and plaintiff filed a notice of appeal on September 26, 2022. ECF 133. On April 23, 2025, the Ninth Circuit entered its mandate affirming dismissal of this action. ECF 134, 135. Plaintiff now moves, pursuant to Fed. R. Civ. P. 60(b), for an order allowing him to amend his pleadings in these consolidated cases and other cases (addressed under separate order) "to

Page 2 – FINDINGS AND RECOMMENDATION

file an independent action." ECF 136. Plaintiff alludes to, but does not specifically identify, some order in which the district court permitted amendment that he failed to notice until sometime in April 2025. Plaintiff also appears to argue that defendants are now precluded from arguing claim or issue preclusion in the independent action.

The motion is nonsensical but to the extent plaintiff seeks relief from the judgment entered in this case, the Court is without the power to enter such relief given the length of time since entry of judgment. See Fed. R. Civ. P. 60(c)(1) (motion must be made within no more than a year for excusable neglect, newly discovered evidence, or fraud/misconduct.[2] To the extent plaintiff seeks to invoke the Court's power to entertain an independent action to relieve a party from judgment, the Court declines to give an advisory opinion as to how it would treat such an action if plaintiff filed it and certainly declines to rule as to any defenses available. See Fed. R. Civ. P. 60(d) (Rule allowing relief from judgment does not limit a court's power to entertain an independent action to relieve a party from a judgment).[3]

In addition, to the extent plaintiff seeks to have this court revive the case against defendants despite dismissal with prejudice and affirmance of that dismissal, the Court is without power to do so absent consent from the Ninth Circuit Court of Appeals. See Palomo v. Baba, 497 F.2d 959, 960 (9th Cir. 1974) (per curiam) (district court has jurisdiction to act on Rule 60(b) motion after its judgment has

---

[2] The motion must be made within a "reasonable time" if asserting that the judgment is void, has been satisfied, or other reasons that justify relief. The motion does not rationally raise a void judgment or satisfaction of the judgment. And as to other reasons justifying relief, the relief is available "only under extraordinary circumstances." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103-04 (9th Cir. 2006) (citations and quotation marks omitted); Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Plaintiff does not demonstrate such circumstances. The motion appears to be based on neglect to amend the complaint based on an unidentified order, and newly discovered evidence of unidentified violation of some corporate law and unidentified false declarations made on the part of one of the defendants. As noted above, such basis for relief from judgment is untimely and revival of this action would be contrary to the Ninth Circuit's mandate.

[3] Plaintiff "requests [his] Amended Complaint (Case # 3 :23-CV-l561-YY) in its entirety be constructed/construed as a post retaliation complaint **after** (emphasis added) [his] engagement of [his] earlier protected activities of filing discrimination lawsuits, grievances, requesting reasonable accommodations advocating for myself and others, forming a tenant's rights group and petitioning the government for relief." ECF 136 at p. 1. That case is not before the undersigned.

Page 3 – FINDINGS AND RECOMMENDATION

been affirmed and it has received Court of Appeal's mandate, but jurisdiction as to all matters encompassed by mandate rests on conformance with mandate; absent consent of Court of Appeals, district court could not act in manner inconsistent with mandate); see also Jaffe v. Yaffe, 385 Fed. Appx. 668, 669 (9th Cir. 2010) (district court did not abuse discretion by rejecting pro se plaintiff's Rule 60(b) motion where "rejection was consistent with [Ninth Circuit's] mandate upon summarily affirming the district court's order dismissing [plaintiff's] suit for lack of subject matter jurisdiction"); cf. Firth v. United States, 554 F.2d 990, 994 & n.3 (9th Cir. 1977) (citations omitted) (on remand district court "is without power to do anything which is contrary to either the letter or spirit of [Court of Appeals'] mandate"); id. at 994 n.4 ("[A] district court must carry out the mandate of a court of appeals, even if the mandate was in error...." (citations omitted). Accordingly, plaintiff's motion for relief from judgment is denied.

## RECOMMENDATION

For the reasons stated above, plaintiff's Rule 60 motion (ECF 136 in Lead Case) should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to this recommendation.

DATED this 22nd day of July, 2025.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge

Page 5 – FINDINGS AND RECOMMENDATION